IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01856-MSK-KMT

RICHARD J. LYNN,

    Petitioner,

v.

R. WILEY,

    Respondent.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter comes before the court on Petitioner Richard J. Lynn's "Motion for Writ of Mandamus Pursuant to 28 U.S.C. § 1361 or Order of Injunction" (Doc. No. 22) filed January 2, 2008. Pursuant to the Order of Reference dated November 27, 2007 (Doc. No. 15) and the memorandum dated January 3, 2008 (Doc. No. 24), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, Respondent's Answer (Doc. No. 28) filed February 7, 2008, and Petitioner's reply (Doc. No. 29) filed February 21, 2008, and is sufficiently advised in the premises.

    Petitioner currently is serving a federal sentence at the United States Penitentiary Administrative Maximum (ADX) in Florence, Colorado. On August 30, 2007, Petitioner filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 still pending before this court. (Doc. No. 2.) In his § 2241 petition, Petitioner claims that his due process rights were

violated during a prison disciplinary hearing. On January 2, 2008, Petitioner filed a Motion for Writ of Mandamus Pursuant to 28 U.S.C. § 1361 or Order of Injunction of the United States. (Doc. No. 22.) Petitioner's § 1361 Petition seeks an order from the court directing the Bureau of Prisons staff to refrain from alleged misconduct, including denying Petitioner the ability to photocopy documents, opening his incoming mail, and refusing him access to a stapler.

The court must construe the Petition liberally because Petitioner is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a pleading reasonably can be read "to state a valid claim on which the [petitioner] could prevail, [a court] should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a pro se litigant's advocate. *Id.*

Pursuant to 28 U.S.C. § 1361, a federal district court has jurisdiction over a mandamus action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]." "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361 , is intended to provide a remedy for a [petitioner] only if he has exhausted all other avenues of relief and only if the [respondent] owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (per curiam) (citations omitted). To grant mandamus relief the court must find that Petitioner has a clear right to the relief sought, that Respondent has a plainly defined and peremptory duty

2

to perform the action in question, and that no other adequate remedy is available. *See Wilder v. Praecipe*, 846 F.2d 613, 620 (10th Cir. 1988).

The extraordinary remedy of mandamus is not appropriate in this action. Petitioner fails to demonstrate that he has a clear right to the relief he seeks, that Respondent has a duty to perform the act in question, and that no other adequate remedy is available. Nonetheless, because Petitioner is challenging the conditions of his confinement, and because a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), *see, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991), the court will construe the Petition liberally as asserting civil rights claims pursuant to *Bivens*.

Having construed the Petition as a *Bivens* claim, the court next determines whether Petitioner has exhausted the available administrative remedies. Prior to filing this a *Bivens* action, Petitioner was required to exhaust administrative remedies pursuant to the Prison Litigation Reform Act "PRLA." *Booth v. Churned*, 532 U.S. 731, 741 (2001). Section 1997e(a) of the PRLA provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2007).

The Supreme Court recently set forth a new standard to govern PARA lawsuits: "[F]ailure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required

3

to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. ___, 127 S. Ct. 910, 921 (2007). "[T]he burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

After *Jones*, dismissal under § 1997e(a) for failure to exhaust administrative remedies cannot usually be made on pleadings without proof. *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) ("'[O]nly in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse.'") (quoting *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225).

Defendants assert that Petitioner has filed to exhaust his administrative remedies. Petitioner states in both his § 1361 petition and the reply in support of the petition that he "is aware that he has to Exhaust Remedies before proceeding with a civil action concerning these constitutional violations" and that "[o]nce he has exhausted Administrative Remedies" he will file a *Bivens* action. (Doc. No. 22 at 5; Doc. No. 29 at 8.) Because Plaintiff has acknowledged that he has not exhausted his administrative remedies, the § 1361 petition, construed as *Bivens* claims, cannot survive.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Petitioner Richard J. Lynn's "Motion for Writ of Mandamus Pursuant to 28 U.S.C. § 1361 or Order of Injunction" (Doc. No. 22) be DENIED.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 18th day of August, 2008.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge