IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01856-MSK-KMT

RICHARD J. LYNN,

    Petitioner,

v.

R. WILEY,

    Respondent.

---

**OPINION AND ORDER GRANTING MOTION TO DISMISS PETITION**

---

**THIS MATTER** comes before the Court pursuant to the Respondent's Motion to Dismiss Petition Based on Expungement of Subject Incident Report **(# 109)**, and the Petitioner's Motion for Preliminary Injunction **(# 110)**, which the Court deems to be both an independent motion and a response to the Respondent's Motion to Dismiss.

This proceeding concerns a petition for a writ of *habeas corpus* by the Petitioner, seeking to set aside a disciplinary conviction he received in May 2006. The instant motion by the Respondent represents that the conviction at issue has now been expunged from the Petitioner's record, thus rendering this action moot. In the Petitioner's instant motion, the Petitioner opposes dismissal of the petition on mootness grounds, contending that the Respondents are retaliating against him for filing this action by contemplating transferring him to the ADX Florence General Population, and are refusing to expunge certain documents relating to the expunged disciplinary conviction (*e.g.* SIS reports, incident reports, progress reports, threat assessments, etc.). He

requests that the Court issue an injunction to halt the transfer hearing and "schedule an evidentiary hearing to determine the facts and issue" relating to the Petitioner's claim that he is being retaliated against.

Because this action was commenced as a petition for a writ of *habeas corpus*, the Court's scope of review is extremely limited. The Court is charged only with determining whether the Petitioner's confinement as a result of the disciplinary conviction was in violation of the Constitution. Because that disciplinary conviction has been expunged from the Petitioner's records, the Court's inquiry is at an end. The scope of this *habeas* proceeding does not permit the Court to venture into other areas, such as questions of whether the Bureau of Prisons can (or should) maintain ancillary records that make reference to the expunged conviction and questions of whether the Petitioner is being retaliated against based on efforts to transfer him to another facility. To the extent that the Petitioner is aggrieved by these decisions, he must commence a new, properly-presented action addressing those issues. Accordingly, upon the Court's finding that the disciplinary conviction at issue here has been expunged, the petition is rendered moot and the Respondent's Motion to Dismiss **(# 109)** is **GRANTED** and the Petition **(# 2)** is **DISMISSED**. The Petitioner's Motion for Preliminary Injunction **(# 110)** is **DENIED**. The Clerk of the Court shall close this case.

Dated this 14th day of May, 2010

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge